UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FRANCES E. LIJOI,

                       Plaintiff,        **MODIFICATION TO REPORT AND RECOMMENDATION**

      v.

                                   CV 01-4536 (ILG) (VVP)

CONTINENTAL CASUALTY CO. and
FORBES, INC.,

                       Defendants.
------------------------------------------------------------x

POHORELSKY, Magistrate Judge:

      By letter dated February 14, 2007, the plaintiff's counsel has requested the removal of certain language from the court's Report and Recommendation entered on February 6, 2007. Specifically, the plaintiff's counsel objects to the court's direction that "to the extent plaintiff's counsel is being compensated under a contingency fee agreement, the statutory fee award here must be used to offset fees owed under the agreement to avoid double compensation." Report and Recommendation, Feb. 6, 2007, at 21. They argue that the Supreme Court's decision in *Venegas v. Mitchell*, 495 U.S. 82 (1990) holds to the contrary. The defendant has taken no position concerning the issue.[1]

      The decision in *Venegas* does not speak directly to the issue of whether fees awarded by the court, and payable by the defendant, must be offset against fees payable under a contingent fee agreement between a prevailing plaintiff and his counsel. Rather, *Venegas* stands for the proposition that where an attorney has a contingent fee arrangement with his client, "[w]hat a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that defendant must pay pursuant to a

---

[1]The defendant submitted no opposition to the plaintiff's February 14 letter and confirmed during a telephone conference today that they take no position concerning this attorneys' fees issue.

court order." *Venegas*, 495 U.S. at 90. As a result, in *Venegas* the attorney was permitted to collect more from his client under his contingent fee arrangement than what the defendant was required to pay pursuant to the court's attorneys' fee award. As it happened, the contingent fee agreement in that case contained a provision under which any court-awarded fees were to be applied, dollar for dollar, to offset the contingent fee. Thus, the result in *Venegas* was exactly the result urged by the Report and Recommendation in this case: an offset of the court-awarded fee against the contingent fee to be paid under the plaintiff Lijoi's agreement with his counsel.

To be sure, the situation is different here because the contingent fee agreement between Lijoi and his counsel contains no provision requiring the offset of court-awarded fees against the contingent fee the plaintiff is required to pay.[2] Lijoi's counsel thus argues that under *Venegas* the terms of a contingent fee agreement control the fee arrangement, and in the absence of a provision requiring an offset, the court should not direct an offset. Within limits, the court does not quarrel with the notion that plaintiffs are free to make whatever contractual arrangements they wish concerning fees. The Court in *Venegas* was explicit that the Court had never held that § 1988 constrains the freedom of the civil rights plaintiff[3] to become contractually and personally bound to pay an attorney a percentage of the recovery, if any, even though such a fee is larger than the statutory fee that the defendant must pay to the plaintiff." 495 U.S. at 87. The

---

[2] At the court's request, Lijoi's counsel has supplied a copy of the retainer agreement for *in camera* review. In deference to counsel's request, the court will not divulge the specifics of any of the fee arrangements.

[3] The Court in *Venegas* was addressing a fee awarded under the fee-shifting statute applicable to civil rights cases, as opposed to ERISA cases, but nothing in *Venegas* suggests that the ruling should not apply to other federal fee-shifting statutes including the one applicable here.

Court recognized that "depriving plaintiffs of the option of promising to pay more than the statutory fee

 if that is necessary to secure counsel of their choice would not further § 1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel." 495 U.S. at 89-90.

The court agrees, then, with Lijoi's counsel that where the plaintiff himself is not challenging the terms of the fee agreement, the court should be guided by the terms of the agreement in directing the disposition of court-awarded fees. As noted above, unlike the contingent fee agreement in *Venegas*, the agreement here contains no provision requiring an offset of any court-awarded fees against the fees to be paid under the contingent fee arrangement. Indeed, the agreement is completely silent on the issue of court-awarded fees, with no provision whatsoever concerning the disposition or other treatment of court-awarded fees. Thus, the court agrees that the specific direction in the Report and Recommendation that court-awarded fees be offset against the fees to be paid under the contingent fee agreement should not be imposed.

As a practical matter, however, the court is puzzled by the concern expressed by Lijoi's counsel about the challenged language in the Report and Recommendation. Despite the absence of an express offset provision, under the court's reading of the contingent fee agreement between Lijoi and his counsel, the attorneys' fee award will inevitably offset, dollar for dollar, a portion of the fees that the plaintiff is required to pay to his counsel.[4] The Supreme Court in *Venegas* reaffirmed the principle that the fee award goes to the plaintiff, not to the attorney. 495 U.S. at

---

[4]As the court reads the agreement, because Judge Glasser's decision calls for the reinstatement of benefits, paragraph 2(c) of the agreement controls the calculation of counsel's fees.

89 ("Second, we have already rejected the argument that the entitlement to a § 1988 award belongs to the attorney rather than the plaintiff") (citing *Evans v. Jeff D.*, 475 U.S. 717, 731-32 (1986)).  Therefore, given the absence of any provision in the contingent fee agreement here concerning the treatment of court-awarded attorneys' fees, the court's award will go to the plaintiff, not to his attorney, with the effect that the award will reimburse him for at least a portion of the amounts he will pay to his counsel under the contingent fee agreement.

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         February 20, 2007